UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASSOCIATION OF AMERICAN UNIVERSITIES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL SCIENCE FOUNDATION, et al.,<br><br>Defendants. | Case No. 25-cv-11231 |

**PLAINTIFFS' MOTION TO EXPEDITE BRIEFING SCHEDULE AND FOR LEAVE TO FILE MEMORANDUM EXCEEDING TWENTY PAGES**

Plaintiffs anticipate filing today a combined Motion for a Preliminary Injunction and for Expedited Summary Judgment (hereinafter "Motion for Summary Judgment"). Given the significance of the issues and the extraordinary nature of the policy being challenged in this case, and to prevent further harm to Plaintiffs and the important research that has been put at risk by that policy, Plaintiffs respectfully request that the Court expedite the default briefing schedule for Plaintiffs' forthcoming motion. *See* Local Rule 7.1 (permitting amendment of deadlines "as required by the progress of the case"). Plaintiffs further move for leave to file an overlength memorandum of 45 pages in support of that motion. *See* Local Rule 7.1(b)(4) (permitting overlength memoranda with leave of court).

Plaintiffs request that the Court order the following expedited briefing schedule:

- May 16, 2025: Defendants' Response to Plaintiffs' Motion for Summary Judgment;
- May 20, 2025: Plaintiffs' Reply;
- As soon thereafter as is convenient for the Court: Hearing on Plaintiffs' Motion for Summary Judgment.

1

In support of their motion, Plaintiffs state as follows:

1. In this case, Plaintiffs challenge the policy announced by the U.S. National Science Foundation ("NSF") effective May 5, 2025, to "apply a standard indirect cost rate not to exceed 15% to all grants and cooperative agreements" awarded to Institutions of Higher Education ("IHEs") (the "Rate Cap Policy" or "Policy").

2. The Rate Cap Policy is of extraordinary scope and significance, and it is already causing harm to Plaintiffs. As set forth more fully in Plaintiffs' forthcoming brief and accompanying declarations, the Policy jeopardizes hundreds of millions of dollars of federal research funding across hundreds of colleges and universities, which receive the vast majority of NSF's total research and development expenses. IHEs, including Plaintiffs, are preparing and submitting research proposals right now, including for renewals of existing grants, and are awaiting decisions on countless other award proposals currently pending with NSF. All of these proposals and awards are now in jeopardy because the Policy unlawfully sets indirect cost rates for future NSF awards far below the rates that individual IHEs previously negotiated with the government pursuant to a regulatory scheme required by statute. Absent quick resolution, the harms wrought by the Policy—which threatens to upend the entire funding structure that has sustained scientific research at American universities for over sixty years—will continue for Plaintiffs and hundreds of other schools across the country. Expediting consideration will also provide urgently needed clarity, both for the Government and for the hundreds of institutions affected by the Policy.

3. The legal issues in this case are substantially similar to those in other cases filed in this District, both of which proceeded on expedited briefing and argument timelines. In both of those cases, Plaintiffs—including some of the same institutions and associations who are Plaintiffs

in this matter—sought (and were granted) temporary restraining orders. *See Massachusetts v. Nat'l Insts. of Health ("NIH")*, No. 25-cv-10338, 2025 WL 702163 (D. Mass. Mar. 5, 2025), *final judgment entered* (D. Mass. Apr. 4, 2025), *appeal docketed*, No. 25-1344 (1st Cir. Apr. 9, 2025); *Ass'n of Am. Univs. v. Dep't of Energy ("DOE")*, No. 25-cv-10912 (D. Mass. Apr. 14, 2025) (granting temporary restraining order).

4. An accelerated schedule will not prejudice the Government. Plaintiffs' proposed briefing schedule would expedite the timelines for both parties. And the proposed schedule would provide all parties with more time than the briefing schedule in *NIH* and a briefing schedule comparable to the one ordered by the Court in *DOE*.[1] More importantly, this is now the third time that affected parties have sought expedited relief against substantially similar policies. Twice before, an agency of the federal Government issued a similar rate cap policy on a Friday. And both times, plaintiffs, including some of the same Plaintiffs in this case, have moved for a temporary restraining order the following business day. In short order, judges in this District have found those policies to be unlawful. An accelerated schedule in this litigation—challenging a strikingly similar and once again plainly unlawful action, this time by NSF—will not prejudice the Government.

5. Moreover, a combined motion for a Preliminary Injunction and for Summary Judgment is appropriate here. Plaintiffs believe that the merits of this matter can be decided on an expedited basis and on the existing record—as occurred in the *NIH* case, where the parties

---

[1] In *NIH*, the Court ordered the Government to file its opposition to Plaintiffs' Motion for a Temporary Restraining Order four days after Plaintiffs' Motion was filed. In *DOE*, the Court ordered the Government to file its opposition to Plaintiffs' Motion for a Temporary Restraining Order eight days after Plaintiffs' Motion was filed. Under the schedule proposed here, the Government would again have eight days to file its opposition to Plaintiffs' Motion for a Preliminary Injunction and for Expedited Summary Judgment, which raises many of the same issues that the earlier two cases presented and that the government has already briefed extensively.

stipulated to entry of final judgment based on the preliminary injunction record.[2] If the Court sets expedited summary judgment briefing and adjudicates that motion quickly, it may moot the need for a separate preliminary injunction. But if the Court feels it needs more time to reach final judgment, a preliminary injunction should issue to prevent the proliferation of irreparable harms to Plaintiffs.

6. In addition, Plaintiffs have good cause to request leave to file an overlength brief given the factual complexity of the issues before the Court and the scope and national significance of the claims, which implicate a vast array of federally funded research programs. By default, memoranda in support of motions cannot exceed 20 pages. *See* Local Rule 7.1(b)(4). For judicial efficiency, Plaintiffs plan to combine two motions—a Motion for a Preliminary Injunction and a Motion for Expedited Summary Judgment—into one. Plaintiffs therefore submit that it would be appropriate to allow slightly more than the total number of pages they would be allotted for two separate motions. Doing so will permit Plaintiffs to develop necessary factual background, address the governing legal principles, and present a fulsome argument to aid the Court in resolving the issues presented—preliminarily and permanently. Plaintiffs would be amenable to a corresponding enlargement for any opposition filed by Defendants, so as to avoid any prejudice.

7. Pursuant to Local Rule 7.1, counsel for Plaintiffs notified counsel for Defendants regarding the contents of this Motion. Plaintiffs have not yet had an opportunity to meet and confer with Defendants' counsel, but Plaintiffs are proceeding with this filing given the need for prompt relief as set forth in their forthcoming brief.

---

[2] *See Bos. Redevelopment Auth. v. Nat'l Park Serv.*, 838 F.3d 42, 47 (1st Cir. 2016) (noting that in the administrative law context, "a motion for summary judgment is simply a vehicle to tee up a case for judicial review and, thus, an inquiring court must review an agency action not to determine whether a dispute of fact remains but, rather, to determine whether the agency action was arbitrary and capricious").

Dated: May 8, 2025

JENNER & BLOCK LLP

By: */s/ Lindsay C. Harrison*

Lindsay C. Harrison (admitted *pro hac vice*)
Ishan K. Bhabha (admitted *pro hac vice*)
Lauren J. Hartz (admitted *pro hac vice*)
Elizabeth Henthorne (admitted *pro hac vice*)
Anjali Motgi (admitted *pro hac vice*)
Zachary C. Schauf (admitted *pro hac vice*)
1099 New York Avenue NW, Suite 900
Washington, DC 20001
Tel: (202) 639-6000
IBhabha@jenner.com
LHarrison@jenner.com
LHartz@jenner.com
BHenthorne@jenner.com
AMotgi@jenner.com
ZSchauf@jenner.com

Shoba Pillay, BBO No. 659739
353 N Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
SPillay@jenner.com

*Attorneys for All Plaintiffs*

Respectfully submitted,

CLEMENT & MURPHY, PLLC

By: */s/ Paul D. Clement*

Paul D. Clement (admitted *pro hac vice*)
James Y. Xi (admitted *pro hac vice*)
Kyle R. Eiswald (admitted *pro hac vice*)
706 Duke Street
Alexandria, VA 22314
Tel: (202) 742-8900
paul.clement@clementmurphy.com
james.xi@clementmurphy.com
kyle.eiswald@clementmurphy.com

*Attorneys for Association of American Universities, Association of Public and Land-grant Universities, and American Council on Education*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of May, 2025, I caused the foregoing to be electronically filed with the clerk of the court for the U.S. District Court for the District of Massachusetts, by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, a true and correct copy of the foregoing instrument and all attachments.

/s/ *Lindsay C. Harrison*
Lindsay C. Harrison (admitted *pro hac vice*)
1099 New York Avenue NW, Suite 900
Washington, DC 20001
Tel: (202) 639-6000
LHarrison@jenner.com