UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASSOCIATION OF AMERICAN UNIVERSITIES, *et al.*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>NATIONAL SCIENCE FOUNDATION, *et al*.,<br><br>    *Defendants*. | Case No. 25-cv-11231 |

**MOTION FOR A PRELIMINARY INJUNCTION AND
FOR SUMMARY JUDGMENT**

This suit challenges an unlawful action by the National Science Foundation ("NSF") that, if permitted to stand, will devastate scientific research at America's universities.

On May 2, 2025, NSF—with no prior notice—announced a new "policy" (the "Rate Cap Policy") that implements a 15% cap on "indirect costs" for all future grants for institutions of higher education ("IHEs"). Specifically, the Rate Cap Policy announces that NSF "is updating its policy regarding the reimbursement of indirect costs in federally funded financial assistance," and that "[e]ffective May 5, 2025, NSF will apply a standard indirect cost rate not to exceed 15% to all grants and cooperative agreements awarded to IHEs for which indirect costs are allowable." The Rate Cap Policy is clearly unlawful: It violates the governing regulations and the reasoned decisionmaking requirements of the Administrative Procedure Act, as well as the statutes authorizing NSF to make grants. If not enjoined, the Rate Cap Policy will result in immediate and irreversible harm to the Plaintiffs here: the Association of American Universities ("AAU"), the American Council on Education ("ACE"), the Association of Public and Land-grant Universities ("APLU"), and thirteen individual colleges and universities.

Plaintiffs respectfully move the Court for a Preliminary Injunction and Expedited Summary Judgment to enjoin NSF's unlawful action.[1] Plaintiffs file this combined Motion because Plaintiffs believe that the merits of this matter can be decided on an expedited basis and on an existing record.[2] If the Court sets an expedited summary judgment schedule and adjudicates that motion quickly, it may moot the need for a separate preliminary injunction. But if the Court needs more time to reach final judgment, a preliminary injunction should issue to prevent the proliferation of irreparable harms to Plaintiffs. In support of this motion, Plaintiffs anticipate filing a memorandum in support later today,[3] and Plaintiffs are also filing 42 Exhibits, attached hereto.

Plaintiffs request a declaratory judgment finding the Rate Cap Policy invalid, arbitrary and capricious, and contrary to law; and a preliminary and permanent injunction against NSF and Acting Director of NSF Brian Stone (collectively, "Defendants"), prohibiting Defendants, their agents, and anyone acting in concert or participation with Defendants from implementing, instituting, maintaining, or giving effect to the Rate Cap Policy in any form; from otherwise modifying negotiated indirect cost

---

[1] Plaintiffs move for a preliminary injunction pursuant to Fed. R. Civ. P. 65 and for summary judgment pursuant to Fed. R. Civ. P. 56 and 5 U.S.C. § 706. *See Bos. Redevelopment Auth. v. Nat'l Park Serv.*, 838 F.3d 42, 47 (1st Cir. 2016) (noting that in the administrative law context, "a motion for summary judgment is simply a vehicle to tee up a case for judicial review and, thus, an inquiring court must review an agency action not to determine whether a dispute of fact remains but, rather, to determine whether the agency action was arbitrary and capricious").

[2] Expedited resolution would be consistent with the *NIH* case, where the parties stipulated to entry of final judgment based on the preliminary injunction record. *See Massachusetts et al. v. Nat'l Insts. of Health* ("*NIH*"), No. 25-cv-10338, 2025 WL 702163 (D. Mass. Mar. 5, 2025), *final judgment entered* (D. Mass. Apr. 4, 2025), *appeal docketed*, No. 25-1344 (1st Cir. Apr. 9, 2025).

[3] Plaintiffs have filed a motion for leave to file an overlength memorandum, which is currently pending with the Court. *See* ECF No. 38.

rates except as permitted by statute and regulation; and from rejecting or otherwise treating adversely proposals for NSF funding submitted at universities' negotiated rates rather than the 15% rate.

Plaintiffs further request that within 24 hours of entry of the injunction, Defendants provide written notice of the Order to all funding recipients affected by the Rate Cap Policy and that, further, they notify the Court that they have done so within 48 hours of the Order.

As set forth in the forthcoming memorandum of law, Plaintiffs have established that the Rate Cap Policy is unlawful; that they will suffer irreparable harm absent relief; and that the balance of equities and the public interest weigh strongly in favor of an injunction.

Dated: May 8, 2025

JENNER & BLOCK LLP

By: /s/ Lindsay C. Harrison

Lindsay C. Harrison (admitted *pro hac vice*)
Ishan K. Bhabha (admitted *pro hac vice*)
Lauren J. Hartz (admitted *pro hac vice*)
Elizabeth Henthorne (admitted *pro hac vice*)
Anjali Motgi (admitted *pro hac vice*)
Zachary C. Schauf (admitted *pro hac vice*)
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Tel: (202) 639-6865
LHarrison@jenner.com
IBhabha@jenner.com
LHartz@jenner.com
BHenthorne@jenner.com
AMotgi@jenner.com
ZSchauf@jenner.com

*Attorneys for All Plaintiffs*

Respectfully submitted,

CLEMENT & MURPHY, PLLC

By: /s/ Paul D. Clement

Paul D. Clement (admitted *pro hac vice*)
James Y. Xi (admitted *pro hac vice*)
Kyle R. Eiswald (admitted *pro hac vice*)
706 Duke Street
Alexandria, VA 22314
Tel: (202) 742-8900
paul.clement@clementmurphy.com
james.xi@clementmurphy.com
kyle.eiswald@clementmurphy.com

*Attorneys for Association of American Universities, Association of Public and Land-grant Universities, and American Council on Education*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 8th day of May, 2025, I caused the foregoing to be electronically filed with the clerk of the court for the U.S. District Court for the District of Massachusetts, by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, a true and correct copy of the foregoing instrument and all attachments.

                /s/ *Paul D. Clement*
                Paul D. Clement (*pro hac vice*)
                Clement & Murphy, PLLC
                706 Duke Street
                Alexandria, VA 22314
                Tel: (202) 742-8900
                paul.clement@clementmurphy.com

Dated: May 8, 2025

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(a) and Federal Rule of Civil Procedure 65(a)(1), counsel for Plaintiffs certify that they have contacted the following individuals at the U.S. Department of Justice by electronic mail to provide notice of this motion:

    Brian Lea
    Deputy Associate Attorney General
    brian.lea@usdoj.gov

    Nicole O'Connor
    Assistant United States Attorney, U.S. District of Massachusetts
    Nicole.O'Connor@USDOJ.GOV

As of the time of filing, Defendants have not responded. In addition, for purposes of service, Plaintiffs are providing this motion to the following individuals at the U.S. Department of Justice by electronic mail:

    Eric J. Hamilton
    Deputy Assistant Attorney General, Federal Programs Branch
    eric.hamilton@usdoj.gov

    Alex Haas
    Co-Director, Federal Programs Branch
    alex.haas@usdoj.gov

    Diane Kelleher
    Co-Director, Federal Programs Branch
    diane.kelleher@usdoj.gov

    John Griffiths
    Co-Director, Federal Programs Branch
    john.griffiths@usdoj.gov

    Rayford Farquhar
    Chief, Defensive Litigation, Civil Division
    U.S. Attorney's Office for the District of Massachusetts
    rayford.farquhar@usdoj.gov

           /s/ *Paul D. Clement*
Paul D. Clement (*pro hac vice*)
Clement & Murphy, PLLC
706 Duke Street
Alexandria, VA 22314
Tel: (202) 742-8900
paul.clement@clementmurphy.com

Dated: May 8, 2025