IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ASSOCIATION OF AMERICAN UNIVERSITIES, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL SCIENCE FOUNDATION, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 1:25-cv-11231-IT<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
TO EXPEDITE PRELIMINARY INJUNCTION BRIEFING SCHEDULE**

As discussed below, the U.S. National Science Foundation (NSF) proposes that this case move expeditiously to summary judgment, with NSF prepared to file its opposition to plaintiffs' motion for summary judgment and a cross motion for summary judgment on May 23. Alternatively, NSF is prepared to file its combined opposition to plaintiffs' motion for a preliminary injunction, opposition to plaintiffs' motion for summary judgment, and a cross motion for summary judgment on May 23.

As relevant to the scheduling issue presented here, the indirect cost rate Policy Notice issued by NSF on May 2, 2025, attached as Exhibit 1, is materially different from the policies issued by the National Institutes of Health (NIH) on February 7, attached as Exhibit 2, *see Massachusetts, et al. v. National Institutes of Health, et al.*, Case No. 25-CV-10338 (D. Mass.), and the Department of Energy (DOE) on April 11, Exhibit 3, *see Association of American Universities, et al. v. Department of Energy, et al.*, Case No. 25-CV-10912 (D. Mass.), that are currently subject to litigation, respectively, in the United States Court of Appeals for the First Circuit and this Court.

1

NIH's policy immediately applied a 15 percent indirect cost rate "to all current grants for go forward expenses from February 10, 2025 forward." Ex. 2 at 2.  DOE's policy set "a standardized 15 percent indirect cost rate for all grant awards to IHEs" and stated that the Department was "undertaking action to terminate all grant awards to IHEs that do not conform with this updated policy," subject to "separate notice and guidance" for "[r]ecipients subject to termination."

In contrast, NSF's policy explained:

- The 15% rate maximum applies **only to new awards made to IHEs on or after May 5, 2025**. . . .
- This policy does not apply retroactively to existing awards.
- Institutions are **not required to amend budgets** for awards issued before this effective date, nor will they be required to return previously reimbursed indirect costs.
- **Award supplements** that are effectuated via amendments to awards in existence prior to May 5, 2025, are not subject to this policy.
- **Continuing grant increments** are awarded under the original award terms and conditions; continuing grant awards in existence prior to May 5, 2025, are not subject to this policy.

Ex. 1.  Under this new policy, NSF is not altering the contractual terms of any grant in existence as of May 5, 2025 or seeking to terminate any such grant.  Thus, not a single plaintiff in this case, nor any member of an association plaintiff, has a grant with NSF that is altered by NSF's policy.  And not a single plaintiff in this case, nor any member of an association plaintiff, has a legal entitlement to receive any future grant award from NSF.  The allegations in plaintiffs' complaint and the declarations submitted in support of plaintiffs' request for injunctive relief cannot, and do not, say otherwise. Indeed, plaintiffs raise concerns that *future* grant awards they may receive will have less favorable terms. That speculative and future alleged harm does not warrant a dramatically expedited briefing schedule (or, for that matter, a preliminary injunction, as NSF will explain further if necessary).

Moreover, NSF has informed plaintiffs that NSF's Policy Notice is the entirety of the record NSF will rely upon as the basis for the challenged agency action. In *Massachusetts v. NIH*, that confirmation by the United States was part of the basis for the Court, upon the United States' assented-to motion, to convert the preliminary injunction entered against NIH into a final judgment on the merits. ECF Nos. 108, 110, 112, Case No. 25-cv-10338 (D. Mass. 2025). Here, where no NSF grant held by a plaintiff or member of a plaintiff association is altered by the Policy Notice, the most efficient path to obtaining a ruling on whether NSF's Policy Notice violates the Administrative Procedure Act is to expeditiously brief that issue on the merits for determination upon summary judgment, making any adjudication of plaintiffs' claimed irreparable harm unnecessary. As noted, NSF is prepared to file a summary judgment opposition and cross motion for summary judgment on May 23, which is in advance of the time permitted by the Court's May 8 order. *See* ECF No. 39 (giving NSF 14 days to oppose a request for preliminary injunction and 21 days to oppose request for summary judgment after the filing and service of the plaintiffs' combined motion).

Alternatively, if plaintiffs continue to pursue a preliminary injunction, NSF similarly proposes that the Court set a deadline of May 23 for NSF to file a combined opposition to plaintiffs' motion for a preliminary injunction, opposition to plaintiffs' motion for summary judgment, and a cross motion for summary judgment. NSF submits that May 23, which is seven business days away and only one day after the deadline set by the Court's May 8 order, is a reasonable deadline and that an order setting plaintiffs' requested earlier response date—within 48 hours of this filing—is unwarranted, particularly considering the specific characteristics of NSF's Policy Notice.

Dated: May 14, 2025                     Respectfully submitted:

YAAKOV M. ROTH
Acting Assistant Attorney General

LEAH B. FOLEY
United States Attorney

BRIAN C. LEA
Deputy Associate Attorney General

KIRK T. MANHARDT
Director

<u>/s/ Marc S. Sacks</u>
MARC S. SACKS
*Deputy Director*
U.S. Department of Justice
Civil Division
Corporate/Financial Section
P.O. Box 875
Ben Franklin Stations
Washington D.C. 20044-0875
Tel: (202) 307-1104
Email: marcus.s.sacks@usdoj.gov
*Attorneys for Defendants*

Case 1:25-cv-11231-IT    Document 47    Filed 05/14/25    Page 4 of 5

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: May 14, 2025                                         */s/ Marc S. Sacks*

                                                                      Marc S. Sacks