## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASSOCIATION OF AMERICAN UNIVERSITIES, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>NATIONAL SCIENCE FOUNDATION, *et al*.,<br><br>        Defendants. | Case No. 1:25-cv-11231-IT |

## DEFENDANTS' NOTICE IN RESPONSE TO THE COURT'S INQUIRY AT THE JUNE 13, 2025 HEARING

Defendants submit this Notice in response to the Court's inquiry, at the June 13, 2025, hearing on the Parties' cross-motions for summary judgment and Plaintiffs' motion for a preliminary injunction, concerning whether for-profit grantees may recover indirect costs.[1]  Defendants respectfully submit that whether and how for-profit institutions recover indirect costs has no bearing on the questions before the Court: whether the Court has jurisdiction over this challenge to a Policy Notice concerning indirect cost recovery under grants to Institutions of Higher Education ("IHEs") and, if so, whether that Policy Notice complies with statutes and the OMB's Uniform Guidance as relevant to IHEs, and whether the Policy Notice is arbitrary and capricious.

---

[1] Defendants do not currently have access to the transcript of the June 13, 2025, hearing, which they were told cannot be completed until June 20.  Because the Court indicated it may issue its decision on or before that date, Defendants respond now to the Court's question, without the transcript reflecting the Court's precise wording.

Nevertheless, for-profit grantees can recover indirect costs.  The OMB Uniform Guidance at 2 CFR part 200 applies to for-profit recipients only where specifically applied by a federal agency.  *See* 2 CFR § 200.101(a)(2).  The National Science Foundation's Proposals and Award Policies and Procedures Guide makes such application and clearly indicates that for-profit grantees can recover indirect costs.  *See* Nat'l Sci. Found., NSF 24-1, Proposals & Award Pol'ys & Procs. Guide at IX-1, II-14, II-20 (2024) (the "Guide")[2] (respectively, applying NSF recipient standards to for-profits; applying FAR cost principles to for-profits, and requiring all research proposals, including those submitted by for-profit entities, to include a budget, by category, including indirect costs).  The Guide specifies that for-profit grantees are "subject to the cost principles" in Part 31 of the Federal Acquisition Regulations, which provides for recovery of indirect costs based on preset rates.  Guide at II-14, *see also* 48 C.F.R. § 31.103(b) (incorporating Federal Acquisition Regulations set out in subpart 42.7, concerning indirect cost rates); 48 C.F.R. § 31.203 (addressing indirect costs and their allocation); 48 C.F.R. Pt. 42.7 (concerning establishment of indirect cost rates).

Dated: June 18, 2025                          Respectfully submitted,

                                              BRETT A. SHUMATE
                                              Assistant Attorney General

                                              LEAH B. FOLEY
                                              United States Attorney

                                              BRIAN C. LEA
                                              Deputy Associate Attorney General

---

[2] https://nsf-gov-resources.nsf.gov/files/nsf24_1.pdf

KIRK T. MANHARDT
Director

MARC S. SACKS
Deputy Director

*/s/ I-Heng Hsu*
BETHANY R. THERIOT (D.C. Bar 1022065)
I-HENG HSU (NY. Reg. No. 4904033)
Trial Attorneys
U.S. Department of Justice
Civil Division
Corporate/Financial Section
P.O. Box 875
Ben Franklin Stations
Washington D.C. 20044-0875
(202) 616-3619
bethany.theriot@usdoj.gov
i-heng.hsu@usdoj.gov
*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


Dated:  June 18, 2025                              */s/ I-Heng Hsu*

                                                             I-Heng Hsu