IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ASSOCIATION OF AMERICAN UNIVERSITIES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL SCIENCE FOUNDATION, *et al.*, <br><br> Defendants. | Case No. 1:25-cv-11231-IT |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE
OF SUPPLEMENTAL AUTHORITY [DOC. NO. 102]**

Pursuant to Federal Rule of Civil Procedure 28(j), the United States respectfully submits this response to Plaintiffs' Notice of Supplemental Authority, Doc. No. 102, which Plaintiffs submitted in support of their Motion for Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act (the "EAJA Motion"), Doc. No. 90.

Plaintiffs' supplemental authority only reinforces that NSF's policy and litigation in defense of that policy was substantially justified. First, the flagged authority—the First Circuit's decision in *Massachusetts v. National Institutes of Health*, Nos. 25-1343, 25-1344, 25-1345, 2026 WL 26059 (1st Cir. Jan. 5, 2026) ("*NIH*")—is the first opinion from a circuit court to consider the issue of an agency's indirect cost rate cap. Indeed, the First Circuit systematically considered the parties' legal arguments and the challenging nature of the legal questions in dispute. Because *NIH* post-dates NSF's issuance of its policy and the litigation over that policy, Plaintiffs' reliance on *NIH* to assail the substantial justification of NSF's positions is misplaced. *See* Defs.' Opp. to EAJA Mot., Doc. No. 98 at 10, 12–13.

Moreover, *NIH* largely turned on two factors absent in this case, further limiting its relevance. First, in a discussion that comprised a majority of its analysis of the merits, the First Circuit held NIH's rate cap "violate[d] the congressionally enacted appropriations rider" that "prohibits NIH from imposing an across-the-board indirect cost reimbursement rate." *NIH*, 2026 WL 26059, at *6–9. Congress has enacted no such rider for NSF. Second, the circuit court held NIH's rate cap violated NIH's grant regulations because it applied to all awards, not a "class," or "group," of awards. *Id.* at *10. Here, NSF's policy plainly applied to a group of awards – awards to institutions of higher education.

Dated: January 23, 2026          BRETT A. SHUMATE
Assistant Attorney General

LEAH B. FOLEY
United States Attorney

BRENNA E. JENNY
Deputy Assistant Attorney General

KIRK T. MANHARDT
Director

MARC S. SACKS
Deputy Director

/s/ *I-Heng Hsu*
BETHANY R. THERIOT (D.C. Bar 1022065)
I-HENG HSU (NY Reg. No. 4904033)
Trial Attorneys
U.S. Department of Justice, Civil Division
Corporate/Financial Litigation Section
P.O. Box 875
Ben Franklin Station
Washington D.C. 20044-0875
Tel: (202) 616-3619
bethany.theriot@usdoj.gov
i-heng.hsu@usdoj.gov

*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: January 23, 2026          /s/ *I-Heng Hsu*
I-HENG HSU
Trial Attorney